UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOGAN ANDRE and TARA ANDRE, | § § | |
| Plaintiffs | § § | |
| v. | § § | Civil Action No. 3:20-cv-3613 |
| EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and NATIONSTAR MORTGAGE, LLC, Defendants | § § § § § § | With Jury Demand Endorsed |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs, Logan Andre and Tara Andre ("Plaintiffs"), by and through counsel, for their Complaint against Defendants, Equifax Information Services, LLC**,** Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, state as follows:

**I.   INTRODUCTION**

1.   Two of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage, LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage, LLC, is also liable for violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. §§ 2601–2617. Plaintiffs seek to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and

expenses.

## II. PARTIES

2.     Plaintiffs, Logan Andre and Tara Andre, are natural persons residing in Coral Springs, Broward County, Florida. They are "consumers," as defined by the FCRA, 15 U.S.C. § 1681a(c) and victims of repeated false credit reporting.

Made Defendants herein are:

3.     Upon information and belief, Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Georgia corporation with its principal place of business in Georgia. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.     Upon information and belief, Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Delaware corporation with its principal place of business in Illinois. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for

monetary compensation.

5.     Upon information and belief, Nationstar Mortgage LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Texas corporation with its principal place of business in Texas and may be served by delivering a summons to its Legal Department at Nationstar Headquarters, 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

6.     Nationstar is a servicer as defined by RESPA, 12 U.S.C. § 2605(i)(2).

7.     As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax and TransUnion.

### III. JURISDICTION AND VENUE

8.     Plaintiffs respectfully assert that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p); 12 U.S.C. § 2614.  Plaintiffs also assert actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiffs respectfully request that this Honorable Court exercise supplemental

jurisdiction over said claims. 28 U.S.C. § 1367.

9. Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

10. Venue is further proper in this District, because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiffs. Any and all requests to investigate Plaintiffs' disputes sent from the CRA Defendants as part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiffs' mortgage from this judicial district including communicating amounts owed, conducting numerous communications via phone and letter, and investigating Plaintiffs written requests and responding thereto.

### IV. FACTUAL ALLEGATIONS

11. In September 2009, Plaintiffs secured a mortgage for their home at 1961 Oakmont Terrace, Coral Springs, Florida 33071 with Bank of America.

12. In 2012, Nationstar purchased, acquired, was transferred, or otherwise obtained the mortgage and its servicing rights.

13. On or about August 5, 2013 Plaintiffs jointly filed for Chapter 7 Bankruptcy but did not include the Nationstar mortgage in the bankruptcy. They continued to make payments to the

Nationstar account through the bankruptcy period.

14. On or about November 13, 2013, Plaintiffs were discharged from bankruptcy.

15. In 2016, Plaintiffs completed a modification trial period and entered a modification agreement with Nationstar.

16. A copy of Plaintiffs' bankruptcy filing is attached hereto as Exhibit "A"

17. A copy of Plaintiffs' payment history is attached hereto as Exhibit "B".

18. Sometime in October 2019, Plaintiffs requested and received a copy of their credit report assembled, evaluated, and disbursed by Equifax and noticed that their Nationstar mortgage account was reporting inaccurately.

19. Plaintiffs noticed that within the Equifax credit report, the Nationstar account reported: "Last Reported – August 5, 2013," "Account Status – Closed," "Responsibility – Shared, but otherwise undesignated," "Payment Status – Included in Bankruptcy", under "Payment History: "Latest Status – Included in Bankruptcy," and "No payment history has been reported by this creditor."

20. Redacted copies Plaintiffs' Equifax credit reports are attached hereto as Exhibit "C" and incorporated by reference.

21. Sometime in October 2019, Plaintiffs requested and received a copy of their credit file assembled, evaluated, and disbursed by Trans Union and noticed that their Nationstar mortgage account was reporting inaccurately.

22. Plaintiffs noticed that within the Trans Union credit report, the Nationstar account reported: "Last Reported – Jul 31, 2013," "Account Status – Closed-Paid," "Closed Date – July 31, 2013," "Responsibility – Shared," "Payment Status – Unknown," "Date of Last Payment – May 7,

2013," under "Payment History: 'Latest Status – Unknown,' and 'No payment history has been reported by this creditor.'"

23. Redacted copies Plaintiffs' Trans Union credit reports are attached hereto as Exhibit "D" and incorporated by reference.

24. On or about June 30, 2020, Plaintiffs disputed the reporting of the Nationstar mortgage account with Equifax and Trans Union ("CRA Defendants") directly. Plaintiffs requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiffs' credit reports concerning the Nationstar mortgage account. Specifically, Plaintiffs' asked the CRA Defendants to report accurate account information as it related to their Chapter 7 bankruptcy.

25. Redacted copies of each Plaintiff Logan Andre's and Plaintiff Tara Andre's unsigned dispute letters are attached hereto as Exhibits "E" and "F" respectively and incorporated by reference.

26. Equifax responded to Plaintiffs' dispute on or about July 7, 2020.

27. A copy of Equifax's response letter dated July 7, 2020 is attached hereto as Exhibit "G" and incorporated herein by reference.

28. In its response letter to Plaintiffs disputes ("Equifax's Response Letters"), Equifax deleted the tradeline despite the disputes requesting that Equifax change the "Account Status – Closed" to "Account Status – Open" or "Account Status – Pays as agreed" or "Account Status – Included in Bankruptcy" and Plaintiffs did not request Equifax delete the tradeline.

29. Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding

Plaintiffs' Nationstar mortgage account.

30. Upon the Plaintiffs' request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar reporting lines.

31. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

32. Trans Union responded to Plaintiffs' dispute on or about July 8, 2020.

33. A copy of Trans Union's response letter dated July 8, 2020 is attached hereto as Exhibit "H" and incorporated herein by reference.

34. In its response letter to Plaintiffs disputes ("Trans Union's Response Letters"), Trans Union deleted the tradeline, writing, "The information you disputed does not currently appear on your Trans Union credit report," despite the dispute requesting Trans Union correctly report a loan that was discharged in a Chapter 7 Bankruptcy. Further, Plaintiffs did not request Trans Union delete the tradeline.

35. Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiffs' Nationstar mortgage account.

36. Upon the Plaintiffs' request to Trans Union for verification and addition regarding the Nationstar mortgage account, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not

make any attempt to substantially or reasonably verify the Nationstar reporting lines.

37. In the alternative to the allegation that Trans Union failed to contact Nationstar, it is alleged that Trans Union did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

38. After the CRAs notified Nationstar of the disputed tradeline involving the Nationstar mortgage account, Nationstar failed to change or correct any of the information. Instead, Nationstar reaffirmed and continued to furnish to the CRAs incorrect, misleading, and damaging information about Plaintiffs' mortgage account.

39. On or about June 30, 2020, Plaintiffs mailed a Qualified Written Request ("QWR") to Defendant Nationstar. In their QWR, Plaintiffs noted that the letter was a notice of error and requested detailed information regarding their mortgage. Plaintiffs' QWR also stated that Nationstar had 30 days to respond under RESPA.

40. A redacted copy of Plaintiffs unsigned QWR is attached as Exhibit "I".

41. Nationstar responded to the QWR on July 15, 2020 stating in pertinent part, that the Nationstar mortgage account would not report post Chapter 7 bankruptcy and stated that no updates would be send to the credit agencies. Despite this, Equifax and Trans Union deleted Plaintiffs Nationstar mortgage tradeline.

42. A redacted copy of Nationstar's response to Plaintiffs' QWR is attached as Exhibit "J".

## V. GROUNDS FOR RELIEF

**COUNT I – EQUIFAX'S VIOLATION OF THE FCRA**
**(15 U.S.C. § 1681e(b))**

43. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

44. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

45. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

46. Plaintiffs provided their Nationstar mortgage information and furnished Equifax the necessary documentation supporting Plaintiffs' tradeline, yet Equifax continued to prepare a patently false consumer report concerning Plaintiffs. Further, Plaintiffs never requested for their tradeline to be removed or deleted.

47. Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Equifax readily provided false reports to one or more third party, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

48. As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

49. Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiffs for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In

the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

50. The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

51. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

52. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to update inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, Inc., failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

53. As a result of Equifax's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

54. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

55.     The Plaintiffs are entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT III – TRANS UNION'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681e(b))**

56.     The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

57.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

58.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

59.     Plaintiffs provided their Nationstar mortgage information and furnished Trans Union the necessary documentation supporting Plaintiffs' tradeline, yet Trans Union continued to prepare a patently false consumer report concerning Plaintiffs. Further, Plaintiffs did not request for Trans Union to remove or delete the tradeline.

60.     Despite actual and implied knowledge that Plaintiffs' credit report was and is not accurate, Trans Union readily provided false reports to one or more third party, thereby misrepresenting Plaintiffs, and ultimately Plaintiffs' creditworthiness.

61.     As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from

a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

62. Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

63. The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT IV – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

64. The Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

65. Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to correct inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, Inc., failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit file, and relying upon verification from a source it has reason to know is unreliable.

66. As a result of Trans Union's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

67. Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

68. The Plaintiffs are entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

69. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiffs' dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify, delete, and/or block the information.

70. Nationstar further violated 15 U.S.C. § 1681s-2(b) by summarily deleting the tradeline from Plaintiffs' credit file, failing to fully and properly investigate the Plaintiffs' dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

71. As a result of Nationstar's conduct, action, and inaction, the Plaintiffs suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of

credit denials.

72.     Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681o.

### COUNT VI – NATIONSTAR'S VIOLATION OF RESPA
### (12 U.S.C. § 2605)

73.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

74.     Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

75.     Further, under RESPA section 2605(e), a servicer must respond to a qualified written request not later than 30 days after receipt.

76.     Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiffs' request and correct the account accordingly and failing to respond to Plaintiffs timely.

77.     Nationstar's failure to conduct a reasonable investigation and make the appropriate corrections to Plaintiffs' account, as well as credit late fees and/or penalties, has proximately caused Plaintiffs' damages.

78.     Defendant Nationstar is therefore liable to Plaintiffs for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

79.     Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in

this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

80. Plaintiffs will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

81. Plaintiffs respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA, RESPA, and/or states' laws, including Texas.

82. Plaintiffs respectfully request that this Honorable Court award Plaintiffs their litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA, RESPA, and/or other laws.

83. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiffs.

84. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiffs and have been a substantial factor in causing credit denials and other damages.

85. Plaintiffs suffered a variety of damages, including economic and non-economic

damages as prayed for herein.

86. Defendants have negligently and/or willfully violated various provisions of the FCRA and/or RESPA and are thereby liable unto Plaintiffs.

87. Defendants are liable unto Plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiffs, Logan Andre and Tara Andre, pray that this Honorable Court:

A. Enter Judgment in favor of Plaintiffs and against Defendants Equifax Information Services, LLC, Trans Union, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiffs, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, RESPA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiffs;

C. Award Plaintiffs pre-judgment and post-judgment interest, as allowed by law;

D. Order that the CRA Defendants, Equifax Information Services, LLC, Trans Union, LLC, and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiffs and/or any of Plaintiffs' personal identifiers.

E. Grant such other and further relief, in law or equity, to which Plaintiffs might show they are justly entitled.

Respectfully submitted,

*/s/ Matthew P. Forsberg*
Matthew P. Forsberg
MN State Bar Number 0400067
Matt@FieldsLaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

**LAW OFFICE OF JONATHAN A. HEEPS**

/s/ *Jonathan A. Heeps*            .
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFFS

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

December 10, 2020 */s/ Matthew P. Forsberg*
Date Matthew P. Forsberg